UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

DAVID PRICE and ERNANDO              :
ASHOKA THOMAS,                       :
                                     :
            Plaintiffs,              :
                                     :
     - against -                     :
                                     :
FOX ENTERTAINMENT GROUP, INC.,       :
FOX FILMED ENTERTAINMENT,            :
TWENTIETH CENTURY FOX,               :
TWENTIETH CENTURY FOX HOME           :
ENTERTAINMENT, INC., RED HOUR        :
FILMS, and RAWSON THURBER,           :
                                     :
            Defendants.              :
-----------------------------------------------------X

GREGORY JAMES GAUGEL and             :
YNOT VISIONS, A Partnership,         :
                                     :
            Intervening-Plaintiffs,  :
                                     :
     - against -                     :
                                     :
DAVID PRICE and ERNANDO              :
ASHOKA THOMAS,                       :
                                     :
            Plaintiffs,              :
                                     :



**OPINION AND ORDER**

**05 Civ. 5259 (SAS)**

**FOX ENTERTAINMENT GROUP, INC.,** :
**TWENTIETH CENTURY FOX FILM** :
**CORPORATION, TWENTIETH** :
**CENTURY FOX HOME** :
**ENTERTAINMENT, LLC, FOX** :
**FILMED ENTERTAINMENT,** :
**TWENTIETH CENTURY FOX,** :
**TWENTIETH CENTURY FOX HOME** :
**ENTERTAINMENT, INC., RED HOUR** :
**FILMS, and RAWSON THURBER,** :
                                                          :
                    **Defendants.** :
----------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      This litigation involves two movies about a dodgeball competition in
which a team of misfits or underdogs are pitted against a stronger team of bullies.
Plaintiffs allege that defendants infringed the copyright of their 2001 screenplay
*Dodgeball: The Movie* through production and distribution of *Dodgeball: A True
Underdog Story*, a movie released by defendants in June 2004. Following
discovery, on September 22, 2006, defendants moved for summary judgment. On
October 24, 2006, plaintiffs filed their opposition papers. On November 6, 2006,
defendants filed their reply papers and lodged objections to certain evidence that
plaintiffs submitted in their opposition. On November 15, 2006, plaintiffs lodged
their objections to the evidence that defendants submitted in their reply. I address
those evidentiary objections below.

1

## I.    DEFENDANTS' OBJECTIONS

Defendants object to nineteen separate pieces of evidence offered by plaintiffs.  My rulings on those objections follow.

Objection 1:

Overruled.  Defendants object to the Declaration of Shirin Keen ("Keen Decl.") Ex. 3 at 171, an email from Rawson Thurber to dtaghioff@wma.com, dated August 7, 2001.  This document is relevant because it conveys Thurber's beliefs about his own script.  Further, because the document contains statements made by Thurber, a party opponent, the document is not hearsay under Federal Rule of Evidence ("FRE") 801(d)(2).

Objections 2, 3, and 5:

Sustained.  Defendants object to Keen Decl. Ex. 3 at 172, 173 and 175, three emails from Gregory McKnight's assistant to the "BHLibrary," dated December 18, 2001, January 17, 2002, and February 14, 2002, respectively, requesting copies of Thurber's *Underdogs* script.  These email requests are irrelevant and thus inadmissible because they do not reveal any contact between McKnight and Thurber.

Objection 4:

Overruled.  Defendants object to Keen Decl. Ex. 3 at 174, an email from McKnight's assistant to McKnight, dated February 6, 2002, relaying a

2

message that "Thurber returned your call." This email is relevant and admissible to impeach McKnight and Thurber's testimony that they had no communications between 1999 and 2003.

Objection 6:

Sustained. Defendants object to Keen Decl. Ex. 3 at 176, an email chain between McKnight and his assistant, dated May 2 and May 3, 2002, regarding McKnight's request that his assistant send the current *Underdogs* script and the *Terry Tate: Office Linebacker* video to Zach Galifianakis. These emails are irrelevant and thus inadmissible because they do not reveal any contact between McKnight and Thurber.

Objections 7, 10, 11 and 12:

Sustained in part. Defendants object to Keen Decl. Ex. 3 at 177, 181, 182, a series of emails among McKnight, McKnight's assistant, Zach Galifianakis and two other people "RLM" and "JEC," dated May 23, 2002, November 20, 2002, and December 3 and 11, 2002, respectively, and Ex. 3 at 183, an email from McKnight's assistant to herself, dated December 13, 2002, all of which contain references to Thurber. I find that these emails are hearsay and are inadmissible at this time. However, if McKnight testifies at trial that he had no communications with Thurber in 2002, I will admit these documents for the limited purpose of impeaching that testimony.

3

Objection 8:

Overruled.  Defendants object to Keen Decl. Ex. 3 at 178, an email from McKnight's assistant to Galifianakis, dated August 26, 2002, regarding a possible meeting between Galifianakis and Thurber.   This document is relevant to show contact between McKnight (or his assistant) and Thurber in 2002. Moreover, the statement contained in the email that "Rawson Thurber would like to meet with you" implicitly conveys a statement by Thurber, and as such, is not hearsay under FRE 801(d)(2).

Objection 9:

Sustained.  Defendants object to Keen Decl. Ex. 3 at 179-80, an email invitation for a social gathering that was sent from Dana Fox to various individuals, including Thurber and forwarded by Fox to McKnight, dated November 6, 2002.  These emails are irrelevant and thus inadmissible because they do not reveal any contact between McKnight and Thurber.

Objection 13:

Overruled.  Defendants object to Keen Decl. Ex. 3 at 184, an email chain between Thurber and John August, dated December 7, 2004, regarding the present litigation.  Thurber's statements made in this email chain are relevant and are not hearsay under FRE 801(d)(2).  I note, however, that these statements do not constitute an admission as to any fact.

4

Objection 14:

Overruled.  Defendants object to Keen Decl. Ex. 5 at 200, an internal WMA video duplication form requesting a copy of *Raw Fish*, dated March 30, 2001.  The document is relevant to show a relationship between Shaun Redick and McKnight.  Moreover, I find that the document qualifies as an exception to the hearsay rule as a self-authenticating business record under FRE 803(6) and FRE 902(11).

Objection 15:

Sustained.  Defendants object to Keen Decl. Ex. 5 at 207, an email "to do" list from McKnight to himself, dated January 21, 2000.  I find that this document is irrelevant and inadmissible hearsay.

Objection 16:

Overruled.  Defendants object to Keen Decl. Ex. 5 at 208, a calendar entry regarding "Rawson Thurber," dated May 2, 2002.  This email is relevant and admissible to impeach McKnight and Thurber's testimony that they had no communications between 1999 and 2003.

Objection 17:

Overruled.  Defendants object to Keen Decl. Ex. 7 at 228-29, a selection of testimony from the deposition of Peter Chiarelli in this case.  I find that the testimony regarding Thurber's state of mind is relevant.  Further, the

testimony is not improper lay testimony because it conveys the personal

observations of Thurber by one of Thurber's friends.

Objection 18:

Sustained.  Defendants object to Keen Decl. Ex. 8 at 244-45, a

selection of testimony from the deposition of Sarah Lopez in which Lopez states

that McKnight had "passed" on several of Thurber's previous projects.  It is

unclear from the testimony whether Lopez is relaying statements made by Thurber,

a party opponent, which would satisfy FRE 801(d)(2), or statements made by

McKnight or her own previous statements, both of which would be hearsay.

Given the ambiguity, I find that the statement is inadmissible hearsay.

Objection 19:

Sustained.  Defendants object to the Declaration of Kenneth

Dancyger.  Under FRE 702, expert testimony should be considered "[i]f scientific,

technical, or other specialized knowledge will assist the trier of fact to understand

the evidence or to determine a fact in issue."  I find that Dancyger's testimony

regarding the similarities of the two works in this case will not aid the jury, and

thus it is stricken in its entirety.

## II.   PLAINTIFFS' OBJECTIONS

Plaintiffs object to all but two of the eleven paragraphs of the

declaration of defense counsel Robert H. Rotstein, dated November 5, 2006, that

6

was submitted with defendants' reply papers.  I find that there is nothing
inappropriate in Mr. Rotstein's declaration and it will be fully considered on the
summary judgment motion.  Plaintiffs' objections are overruled.

## IV.   CONCLUSION

As set forth above, defendants' objections are sustained in part and
overruled in part as discussed above and plaintiffs' objections are overruled in
their entirety.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            January 26, 2007

7

## - Appearances -

### For Plaintiffs:

Guy Robert Cohen, Esq.
Neal Howard Klausner, Esq.
Shirin Keen, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
(212) 468-4800

### For Defendants:

Robert H. Rotstein, Esq.
Lisa E. Stone, Esq.
Gregory R. Jones, Esq.
McDermott, Will & Emery, LLP
2049 Century Park East, 34th Floor
Los Angeles, CA 90067
(310) 277-4110

Christine A. Pepe, Esq.
Morgan, Lewis & Bockius LLP
340 Madison Avenue
New York, NY 10017
(212) 547-5400

### For Intervening-Plaintiffs:

Leslie Haim Ben-Zvi, Esq.
Queller, Fisher, Dienst, Serrins, Washor & Kool
233 Broadway, 18th Floor
New York, NY 10279
(212) 719-5300