UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID PRICE and ERNANDO
ASHOKA THOMAS,

        Plaintiffs,

- against -

FOX ENTERTAINMENT GROUP, INC.,
FOX FILMED ENTERTAINMENT,
TWENTIETH CENTURY FOX,
TWENTIETH CENTURY FOX HOME
ENTERTAINMENT, INC., RED HOUR
FILMS, and RAWSON THURBER,

        Defendants.
------------------------------------------------------------X



**MEMORANDUM**
**OPINION AND ORDER**

05 Civ. 5259 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    At a hearing held on April 17, 2007, the Court addressed, *inter alia*, a motion in limine by plaintiffs for bifurcation of the trial. The Court ruled that bifurcation was appropriate and that infringement would be tried to the jury in the first phase, and estoppel would be tried to the Court, if necessary, in the second phase of the trial. In a letter dated May 1, 2007, defendants requested reconsideration of the bifurcation issue, arguing that the issue of estoppel is for the jury, not the Court. On May 4, 2007, plaintiffs submitted a letter opposing the request. On May 9, 2007, defendants submitted a letter in reply.

    The Second Circuit has repeatedly confirmed that estoppel, like

-1-

laches, is an equitable defense to claims of intellectual property infringement.[1] A number of courts have held that those equitable defenses are "committed to the sound discretion of the court."[2] This is so even though "[b]oth defenses ultimately

---

[1] See, e.g., *ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*, 314 F.3d 62, 66 (2d Cir. 2002) ("equitable defenses of estoppel by acquiescence and laches"); *King v. Innovation Books, a Div. of Innovative Corp.*, 976 F.2d 824, 828 (2d Cir. 1992) ("equitable defenses of laches, estoppel and waiver"). See also *Loglan Inst., Inc. v. Logical Language Group, Inc.*, 962 F.2d 1038, 1042 (Fed. Cir. 1992) (in a section entitled "Equitable Defenses," describing the affirmative defenses as "including the equitable defenses of unclean hands, estoppel, fraud, acquiescence, and waiver"); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1294 (9th Cir. 1992) ("equitable defenses of laches, acquiescence, and estoppel"); *International Olympic Comm. v. San Francisco Arts & Athletics*, 789 F.2d 1319, 1322 n.1 (9th Cir. 1986) (in addition to defenses under the Lanham Act, "[t]here are also equitable defenses such as estoppel by laches, estoppel by acquiescence, and unclean hands" (citations omitted)).

[2] *Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1292 (Fed. Cir. 1992) (citing *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992)); *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. June 24, 1997) ("'Laches and estoppel are equitable defenses, committed to the sound discretion of the trial court.'" (quoting *Hemstreet*, 972 F.2d at 1292)). *Accord ProFitness*, 314 F.3d at 67 ("We have long held in the context of trademark actions that '[w]here a person entitled to exclusive use of a trademark is guilty of unreasonable delay in asserting his rights against an infringer . . ., or acquiesces in the latter's use, . . . a court of equity has the discretionary power . . . to deny injunctive relief or an accounting.'" (quoting *Carl Zeiss Stiftung v. VEB Carl Zeiss Jena*, 433 F.2d 686, 703 (2d Cir. 1970))); *Cayuga Indian Nation of N.Y. v. Pataki*, 79 F. Supp. 2d 78, 92 (N.D.N.Y. 1999) (denying a motion to present evidence on equitable issues to the jury, stating that such equitable issues "shall be reserved to the court"); *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 931 F. Supp. 1044, 1046 (E.D.N.Y. 1996) (while the jury "tried the issues of ownership, infringement under the doctrine of equivalents, and validity of the asserted claims of the patents-in-suit," the court tried the issues of "prosecution history estoppel,

depend on underlying factual determinations."[3] That simply means that any testimony regarding the equitable defenses "would be heard by the Court, not a jury."[4] No Second Circuit case establishes a contrary rule of law.[5] In sum, I again

---

equitable estoppel, and laches"). *But see, e.g., Starter Corp. v. Converse, Inc.*, 170 F.3d 286 (2d Cir. 1999) (noting, without discussion, that the jury tried the issue of equitable estoppel in addition to infringement); *Windsurfing Intern., Inc. v. Ostermann*, 534 F. Supp. 581, 585 (S.D.N.Y. 1982) ("[T]he defense of implied license or estoppel . . . is a legal rather than equitable defense. Indeed, to the extent that the existence of an implied license entails a finding that Windsurfing consented to a particular use, it also dictates a finding that no infringement will occur. Since Ostermann is unquestionably entitled to a jury trial on Windsurfing's claims of infringement, it follows that it is entitled to jury consideration of its defense that no infringement will occur because Windsurfing has consented to the proposed use . . . ." (citations omitted)).

[3]   *Hemstreet*, 72 F.2d at 1292 (citing *A.C. Aukerman*, 960 F.2d at 1028); *Loral Fairchild*, 931 F. Supp. at 1038. *Accord Soot v. General Elec. Co.*, 681 F. Supp. 157, 162 (S.D.N.Y. 1987) (stating that "[a] determination as to the applicability of laches is left to the discretion of the trial court[,]" although the appropriateness of that defense must be determined on a case-by-case basis, depending upon the "particular factual situation" of that case).

[4]   *Schering*, 969 F. Supp. at 269 (citing *Refac Int'l, Ltd. v. Matsushita Elec. Corp. of Am.*, No. 88-2586, 1990 WL 269885, at *3 (D.N.J. Nov. 14, 1990), and *Dewey Elecs. Corp. v. Montage, Inc.*, 117 F.R.D. 73, 74 (M.D. Pa. 1987)).

[5]   The cases defendants cite are distinguishable. *International Minerals & Resources, S.A. v. Pappas*, 96 F.3d 586. 594 (2d Cir. 1996), involved a claim of promissory estoppel in a breach of contract action and contained no discussion of whether the estoppel issue was equitable or legal or whether a jury trial on that issue would be proper. In any event, promissory estoppel is separate and distinct from the doctrine of *equitable* estoppel. *See Merex A.G. v. Fairchild Weston Systems, Inc.*, 29 F.3d 821, 825 (2d Cir. 1994) (whether promissory estoppel is legal or equitable depends on the "context in which it appears"). *Cf. Halifax Fund, L.P. v. MRV Commc'ns, Inc.*, No. 00 Civ. 4878, 2001 WL 1622261 (S.D.N.Y. Dec. 18, 2001) (trying legal claims to a jury and equitable claims —

find that defendants' affirmative defense of estoppel to plaintiffs' infringement claims is an equitable defense and accordingly is committed to the Court's discretion.

For the reasons set forth above, defendants' request for reconsideration is denied. The Court's ruling on bifurcation stands: phase one of the trial on infringement will be tried to the jury, and phase two on defendants' affirmative defense of equitable estoppel will be tried to the Court.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           May 18, 2007

---

including the separate claims of promissory estoppel and equitable estoppel — to the Court), *aff'd,* 53 Fed. Appx. 598 (2d Cir. 2003). Likewise, defendants' reliance on *Carrollton Furniture Mfg. Co. v. American Credit Indem. Co. of N.Y.*, 115 F. 77 (2d Cir. 1902) — specifically their reliance on the appearance of the term "estoppel" in a passage stating that disputed facts should have gone to the jury — is misplaced. That case dealt exclusively with (and is cited only in cases addressing) the rule in insurance cases that fraud in the procurement of insurance is provable as a defense in an action at law on the policy, "resort to equity being unnecessary to render that defense available." *Ettelson v. Metropolitan Life Ins. Co.*, 137 F.2d 62, 65 (3d Cir. 1943) (quotation omitted). The availability of a jury trial on the defense of fraud in the procurement of an insurance contract does not bind this Court as to the availability of a jury trial on the defense of equitable estoppel in a copyright action.

## - Appearances -

**For Plaintiffs:**

Guy Robert Cohen, Esq.
Neal Howard Klausner, Esq.
Shirin Keen, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
(212) 468-4800

**For Defendants:**

Michael B. Carlinsky, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Robert H. Rotstein, Esq.
Lisa E. Stone, Esq.
Gregory R. Jones, Esq.
McDermott, Will & Emery, LLP
2049 Century Park East, 34th Floor
Los Angeles, CA 90067
(310) 277-4110

Christine A. Pepe, Esq.
Morgan, Lewis & Bockius LLP
340 Madison Avenue
New York, NY 10017
(212) 547-5400